UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF:    )    Case No:  B-1080268 C-13D
**LARRY D. WOODY,**    )
**JACQUELINE M. WOODY,**    )
    )
    Debtor(s)    )
    )


OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN


NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtors' plan pursuant to 11 U.S.C. §1325 and shows unto the Court the following:

1. The Debtors filed a petition under Title 11 of the United States Code, Chapter 13, on February 17, 2010, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On February 17, 2010, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The petition filed by the Debtors proposes a monthly plan payment of $1,093.00 for a period of at least 36 months. Unsecured creditors will not receive any dividend.

5. The Debtors' plan provides that the claim of American Home Mortgage ("AHM") secured by the Debtors' real property shall be paid as a long-term continuing debt through the Trustee's office and any arrearage shall be allowed as a secured claim.

6. AHM has filed a claim in the amount of $101,246.51 secured by the real property and payable in monthly installments of $804.13 with an arrearage through June 2010 of $13,287.12 to be paid in equal installments of $229.25 per month.

7. The Debtors' plan provides that the claim of Wachovia secured by the Debtors' 2003 Mitsubishi ("the automobile") shall be treated as secured to the value of

$6,727.00 and the balance unsecured. The equal monthly installments to Wachovia shall be $170.23.

8. In Schedule "I", the Debtors list total net monthly income of $2,875.67. In Schedule "J", the Debtors list expenses of $4,008.00 per month, leaving insufficient excess income that can be devoted to the Chapter 13 plan.

9. The Trustee objects to confirmation of the plan in that the Debtors do not appear to have the ability to make payments under the plan as required by 11 U.S.C. §1325(a)(6). The Debtors have proposed monthly plan payments of $1,093.00, which is more than the Debtors receive in excess income every month according to Schedules I and J. The plan is not feasible and cannot be confirmed on that basis.

10. The Trustee objects to confirmation of the plan in that the Debtors' proposed plan payments are not sufficient to satisfy the long-term debt of AHM, the arrearage claim of AHM, the secured payments to Wachovia, and all other secured or priority claims within the 60 month time limitation of 11 U.S.C. §1322(d).

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtors' plan not be confirmed in that the plan does not comply with 11 U.S.C. §1325 and the case be dismissed for cause pursuant to 11 U.S.C. §1307; or

2. For such other and further relief as the Court may deem just or proper.

This the 23rd day of April, 2010.

    s/Benjamin E. Lovell
    Benjamin E. Lovell
    Attorney for the Trustee
    State Bar No: 23266
    P.O. Box 3613
    Durham, N.C. 27702

CERTIFICATE OF SERVICE

       This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, NC 27615, Mr. & MRs. Larry D. Woody, 2909 Holbrook St., Durham, NC 27704, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

       This 23th day of April, 2010.

                                                s/Benjamin E. Lovell
                                                Benjamin E. Lovell, Esq.
                                                Attorney for the Standing Trustee